UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TOP FLIGHT STAIRS & RAILS, LTD., | ) | No.  06 B 7975 |
| | ) | |
| Debtor. | ) | |
| ———————————————— | ) | |
| | ) | |
| THOMAS E. SPRINGER, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 A 536 |
| | ) | |
| OKAW TRUSS, INC., | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

## MEMORANDUM OPINION

This matter is before the court on the motion of plaintiff Thomas E. Springer ("Springer") to strike the affirmative defenses of defendant Okaw Truss, Inc. ("Okaw") to Count I of Springer's first amended complaint.  For the reasons that follow, the motion to strike will be granted.

### 1. Background

Springer is the chapter 7 trustee of the estate of debtor Top Flight Stairs & Rails, Ltd. ("Top Flight").  His first amended complaint in this adversary proceeding is a short and simple effort to recover certain transfers that Top Flight made to defendant Okaw.  Springer alleges two transfers to Okaw within 90 days of the July 6, 2006, petition date: one in the amount of $24,255 on or about May 5, 2006, and

another in the amount of $28,107 on or about April 25, 2006.

The first amended complaint has three counts. Count I is a claim seeking to avoid the transfers as constructively fraudulent under section 548(a)(1)(B) of the Bankruptcy Code, 11 U.S.C. § 548(a)(1)(B). Springer alleges that Top Flight received less than reasonably equivalent value for the transfers and was either insolvent when the transfers were made or became insolvent as a result of them. Count II is a claim that the transfers are voidable as preferences under section 547(b) of the Code, 11 U.S.C. § 547(b). Count III is a claim under section 550(a), 11 U.S.C. § 550(a), to recover the transfers to the extent they are avoided.

In its answer to Count I, Okaw denies the allegation that the transfers were for less than reasonably equivalent value and then asserts three affirmative defenses: equitable estoppel, joint venture, and alter ego. Though differently named and purportedly based on different legal theories, the gist of each defense is the same: that Okaw received the transfers from Top Flight in exchange for merchandise Okaw shipped to Kost Industries, that Kost Industries was either a related entity or the same entity as Top Flight, and that Okaw therefore did in fact give reasonably equivalent value for the transfers.

Springer now moves to strike all three affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure (made applicable by Fed. R. Bankr. P. 7012(b)). He argues that the equitable estoppel defense is insufficient as a matter of law, and that "joint venture" and "alter ego" are not affirmative defenses for purposes of Rule 8(c).

## 2. Discussion

Springer's motion to strike will be granted and all three affirmative defenses stricken.

Rule 12(f) allows the court to "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). Motions to strike are sparingly used, *Kmart Corp. v. Uniden Am. Corp. (In re Kmart Corp.)*, 318 B.R. 409, 413 (Bankr. N.D. Ill. 2004), and are disfavored, *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991), because often they serve only to delay, *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, motions to strike can be useful as a way to "remove unnecessary clutter from the case," and in that event "they serve to expedite, not delay." *Id.; see also Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006).

In this district, trial courts typically assess the sufficiency of an affirmative defense using a three-step analysis. *De Lage Landen Fin. Servs., Inc. v. M.D.M. Leasing Corp.*, No. 07 C 45, 2007 WL 4355037, at *2 (N.D. Ill. Dec. 10, 2007); *Reis Robotics*, 462 F. Supp. 2d at 905. The first step is to determine whether the matter is appropriately pled as an affirmative defense. *Reis Robotics*, 462 F. Supp. 2d at 905. The second is to determine whether the defense is adequately pled under Rules 8 and 9. *Id.* The third is to determine whether the defense is sufficient under the standard in Rule 12(b)(6). *Id.* Affirmative defenses will be stricken "only when they are insufficient on the face of the pleading." *Heller*, 883 F.2d at 1294.

### a. First Defense: Equitable Estoppel

Springer attacks Okaw's equitable estoppel defense at the third step, arguing that the defense is insufficient as a matter of law because a trustee is not in privity with a debtor and so the debtor's conduct is not binding on the trustee. In response, Okaw argues that estoppel is one of the affirmative defenses specifically enumerated in Rule 8(c), and that estoppel has been pled here in compliance with Rule 8(a).

These arguments, however, are addressed to the first and second steps of the analysis, not the third. Okaw has nothing to say about the third step – the legal sufficiency of its equitable estoppel defense – because nothing can be said. A bankruptcy trustee represents the interests of creditors, not the interests of the debtor. *Boberschmidt v. Society Nat'l Bank (In re Jones)*, 226 F.3d 917, 920 (7th Cir. 2000); *In re Luster*, 981 F.2d 277, 279 (7th Cir. 1992). When a trustee asserts a claim based on his avoiding powers under the Code (as opposed to a claim to which the trustee has simply succeeded under section 541(a)), there is no privity between the trustee and the debtor, and the debtor's conduct is not binding on the trustee. *Pine Top Ins. Co. v. Republic W. Ins. Co.*, 123 B.R. 277, 285 (N.D. Ill. 1990); *Harvey Hooper Lobsters Ltd. v. Best Pack Seafoods, Inc. (In re Best Pack Seafoods, Inc.)*, 29 B.R. 23, 24-25 (Bankr. D. Me. 1983).

Because the debtor's conduct is not binding, it is well-established that an estoppel defense premised on the debtor's conduct cannot be asserted to a trustee's preference or fraudulent transfer claims. *See Buffalo Metro. Fed. Credit Union v.*

*Mogavero (In re Cooley)*, Nos. 00-CV-0345E(M), BK-98-13159B, 2001 WL 135822, at *3 (W.D.N.Y. Feb. 13, 2001); *Pine Top*, 123 B.R. at 285; *Faircloth v. Bouchard (In re Int'l Gold Bullion Exchange, Inc.)*, 53 B.R. 660, 664-65 (Bankr. S.D. Fla. 1985); *Best Pack*, 29 B.R. at 24-25; *see also Inskeep v. Grosso (In re Fin. Partners, Ltd.)*, 116 B.R. 629, 638 (Bankr. N.D. Ill. 1990) (noting generally that "the inequitable conduct of the debtor cannot be asserted as a defense to the trustee's preference action").

Okaw's equitable estoppel defense in this case alleges that Top Flight through its course of dealing with Okaw induced Okaw to treat Kost and Top Flight as essentially interchangeable. As a matter of law, Top Flight's conduct is not attributable to Springer and so is not defense to Springer's fraudulent transfer claim in Count I. The first affirmative defense is insufficient under Rule 12(b)(6) and will be stricken.

### b. Second and Third Defenses: Joint Venture and Alter Ego

The second and third defenses, joint venture and alter ego, will also be stricken. Springer contests these defenses at the first step of the analysis, contending that neither is a proper affirmative defense under Rule 8(c). Springer argues that the joint venture and alter ego defenses are meant simply as responses to the first amended complaint's allegation that the transfers were made for less than reasonably equivalent value. Okaw's denial of that allegation, Springer suggests, "is sufficient for procedural purposes." (Mot. at ¶ 15). Okaw responds that the defenses are pled "in confession and avoidance" and are necessary to give Springer notice of Okaw's position. (Resp. at 2).

Springer has the better of this one. An affirmative defense "requires a responding party to *admit* a complaint's allegations but then . . . assert that for some legal reason [the responding party] is nonetheless excused from liability." *Reis Robotics*, 462 F. Supp. 2d at 906 (quoting *Menchaca v. American Med. Response of Ill., Inc.*, 6 F. Supp. 2d 971, 972 (N.D. Ill. 1998) (emphasis in original)); *see also Franklin Capital Corp. v. Baker & Taylor Entm't, Inc.*, No. 99 C 8237, 2000 WL 1222043, at *1 (N.D. Ill. Aug. 22, 2000). Okaw's joint venture and alter ego defenses do not take this "confession and avoidance" form but simply elaborate on Okaw's reasons for denying Springer's allegation of less than reasonably equivalent value. Okaw's simple denial of the allegation is sufficient. As for notice, if Springer wants to know why Okaw has denied his allegation, he can ask. That is what discovery is for.

It is true that affirmative defenses are sometimes defined more broadly to include a second type of defensive allegation, "one that concern[s] allegations outside of the plaintiff's prima face case that the defendant therefore cannot raise by a simple denial in the answer." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1271 at 585 (3d ed. 2004); *see also Evergreen Media Corp. v. Radio & Television Broad. Eng'rs, Local No. 1220*, 983 F. Supp. 731, 737 (N.D. Ill. 1997); *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982); *Kmart*, 318 B.R. at 413-14. But even assuming this broader definition is correct, Okaw's defenses here are not that second type. They concern an allegation that is plainly part of Springer's prima facie case. *See* 11 U.S.C. § 548(a)(1)(B)(i);

-6-

*Trunnell v. Brookshire*, No. 06-6229 AER, 2007 WL 963337, at * 2 n.9 (Bankr. D.

Or. March 28, 2007) (observing that "[r]eceipt of 'less than reasonably equivalent

value' is a prima facie element of a constructive fraud claim").

Okaw's second and third affirmative defenses are not proper defenses under

Rule 8(c) and will be stricken.

### 3. Conclusion

The motion of plaintiff Thomas E. Springer to strike the affirmative defenses

of defendant Okaw Truss, Inc. to Count I of the first amended complaint is granted.

The affirmative defenses to Count I are stricken.  A separate order will be entered

in accordance with this opinion.

Dated:  December 12, 2008

A. Benjamin Goldgar
United States Bankruptcy Judge